**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEDA ZAKARYAN,

        Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

        Respondent.

No.   15-72439

Agency No. A095-732-156

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2018
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and SESSIONS,**
District Judge.

    Seda Zakaryan (Zakaryan) petitions for review of a decision by the Board of

Immigration Appeals (BIA) dismissing her appeal of an Immigration Judge

decision denying her applications for asylum and withholding of removal.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

The pivotal issue in this case is whether Zakaryan received adequate notice of her need to provide corroborating evidence by way of testimony of her son. In *Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011), we held that "an IJ must provide an applicant with notice and an opportunity to either produce the evidence or explain why it is unavailable before ruling that the applicant has failed in his obligation to provide corroborative evidence and therefore failed to meet his burden of proof."

The government relies on the IJ's statement to Zakaryan at a hearing on May 6, 2011, largely referencing the daughter-in-law. The IJ advised the parties as follows:

> Separate and apart from any finding of credibility, I could conclude that [Zakaryan has] failed to satisfy her burden of proof if she fails to present reasonably available corroborative evidence. . . . That goes for live witnesses as well. If the daughter-in-law refuses to testify or refuses to execute a waiver of confidentiality, does that make her unavailable for the respondent? Probably, but I don't know.

At the second hearing, a year later, the IJ again advised that he "could conclude that [Zakaryan] failed to satisfy her burden of proof if she fails to present reasonably available corroborating evidence." The IJ changed the venue to Las

Vegas, where Zakaryan and her son were residing, expressing his belief "that the son is a key witness in the case."

In 2014, two years after the second hearing, the third hearing commenced in Las Vegas. By this time, the daughter-in-law had unfortunately passed away. Counsel for Zakaryan advised the IJ that the son was "having . . . very serious problems, since the wife has passed away," and that counsel "was not sure that he [would] be able to testify."

The IJ inquired whether the son was present in the United States and whether he was a lawful permanent resident, but made no mention of the son being a mandatory corroborating witness. Rather, the IJ stated his assumption that Zakaryan was "not requesting a continuance for her son . . . to testify." Zakaryan's counsel responded: "[O]nce again Your Honor, the issue is that he was not a witness of the events that took place in Armenia because he already left Armenia."

Instead of giving notice that he considered the son to be a mandatory corroborating witness, the IJ merely replied that "to update the record, then, we would just need the latest Human Rights Report for Armenia."

Zakaryan was the only witness who testified. Following her testimony, the IJ gave her no notice of the need for corroborating evidence, despite Zakaryan's counsel's request for a tentative ruling. Nevertheless, without making a specific

3

adverse credibility determination, the IJ denied relief on the basis of the failure of Zakaryan's son to "appear and testify." That denial was confirmed by the BIA.

The IJ did not give sufficient notice to Zakaryan under *Ren*. The oblique references to the son made by the IJ did not put Zakaryan on notice that she was at risk of losing her claim unless she produced her son as a corroborating witness. We are not persuaded by the government's reliance on *Ren*, 648 F.3d at 1092 n.12. That note merely observes that the notice requirement does not "necessarily require two hearings." *Id*. Here, no additional hearing would have been required if proper notice had been given in the prior two hearings.

**PETITION GRANTED and REMANDED.**